# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ROBERT E. FORD, JR.**                                                                     **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. 1:03CV305**

**PRUDENTIAL INSURANCE COMPANY**
**OF AMERICA**                                                                          **DEFENDANT**

# ORDER

This cause comes before the court on plaintiff Robert E. Ford's motion for an award of attorney's fees and costs. On November 1, 2004, the court entered an order granting summary judgment in favor of plaintiff, finding that defendant Prudential Insurance Company of America had wrongfully denied his claim for disability benefits. On April 5, 2005, the Court issued an order declaring the amount of back disability benefits (as of April 5, 2005) owed to plaintiff to be $47,690.64. Plaintiff now seeks attorney's fees and costs incurred in litigating his ERISA claims.

Attorney's fees and/or costs are not awarded as a matter of right in ERISA cases. 29 U.S.C. §1132(g)(1) provides that "the court *in its discretion* may allow a reasonable attorney's fee and costs of action to either party." (emphasis added.) In *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir. 1980), the Fifth Circuit summarized the factors that should be considered in deciding whether to award attorney's fees, as follow:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a

significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id.* at 1266.

In the court's view, the balance of the *Iron Worker's* factors do not support the award of attorney's fees and costs sought by plaintiff in this case. Most significantly, while the court remains of the view that Prudential breached applicable legal standards in denying the benefits sought by plaintiff,[1] the court has never suggested that Prudential committed bad faith in denying plaintiff's claim. For this and other reasons, the court does not view this as a proper case to award attorney's fees as a deterrent to other ERISA defendants similarly situated to Prudential. Moreover, it is apparent that, by litigating this case, plaintiff was seeking to benefit himself personally, rather than any fellow beneficiaries of his employer's plan. Finally, with regard to the relative merits of the parties' positions, the court found plaintiff's arguments to be more persuasive, but the court does recognize that Prudential has colorable arguments that it did not act unlawfully in failing to pay the benefits sought by plaintiff.

In light of the foregoing, it is hereby ordered that plaintiff's motion [33-1] for an award of attorney's fees and costs is denied.

**SO ORDERED**, this the 16th day of May, 2005.

               /s/ Michael P. Mills
               **UNITED STATES DISTRICT JUDGE**

---

[1] As noted previously by this court, the existence of a conflict of interest in this case serves to lessen somewhat the highly deferential standard which would otherwise apply to Prudential's decision to deny disability benefits.